Mary E. Smokey *v.* Charles P. Wack et al.

1. Attachment. *Claimant's issue. Form of tendering.*

　　Under Code 1871, §§ 858, 859, 860, where goods seized under attachment are claimed by a third person, the plaintiff's averment that, at the date of the seizure they were the property of the defendant and subject to the attachment, is a sufficient tendering of issue upon the claim.

2. Same. *Surplusage in tender of issue.*

　　Averments in the plaintiff's tender of issue that the property at the date of the seizure did not belong to the claimant, who was not and is not the owner thereof, are useless, but do not vitiate the proper averment.

Error to the Circuit Court of Adams County.

Hon. Ralph North, Judge, did not sit in this case, but Hon. J. B. Chrisman presided by interchange.

After property had been seized under an attachment against J. J. Smokey, sued out by the defendants in error, the plaintiff in error made the claimant's oath and bond under Code 1871, §§ 858, 859, 860. At the return term, the plaintiffs filed a tender of issue on the claim, in which they alleged that the property at the date of the seizure did not belong to the claimant, who was not and is not the owner thereof, but that, at such date, the goods were the property of J. J. Smokey and subject to the attachment. The claimant's motion, at a subsequent term, for the release of the goods, because by the default of the plaintiffs in attachment no issue for the trial of the right of property had been made up, was overruled, and the case was submitted to the court upon the facts, and judgment was rendered against the claimant.

*R. E. Conner* and *T. O. Baker*, for the plaintiff in error.

The issue tendered by the plaintiffs in attachment was improper. It should have been like a declaration in detinue. Code 1871, §§ 858, 861, 862; *Phillips* v. *Cooper*, 50 Miss. 722; *Atkinson* v. *Foxworth*, 53 Miss. 741. The paper filed is a mere traverse of the claimant's affidavit.

*Frank Johnston*, on the same side.

In this class of cases there is a correct mode of pleading. The plaintiffs in attachment, on whom the burden of proof rested, should have tendered the issue. Treating the affidavit of the claimant as the declaration is improper. The averments of the paper filed by the plaintiffs present several issues, and omit the only proper one.

*M. Green*, for the defendants in error.

The issue tendered was technically correct, and is not vitiated by the surplusage which precedes it. Nothing in *Phillips* v. *Cooper*, 50 Miss. 722, justifies the position that a declaration is necessary. On the contrary, the court intimate that no pleading is required.

*Fred. Parsons* and *W. T. Hewitt*, on the same side, filed a brief which the reporter has been unable to obtain.

CAMPBELL, J., delivered the opinion of the court.

The averment of the plaintiffs below that, at the date of the seizure of the goods by virtue of the writ of attachment, they were the property of the defendant therein and subject to the attachment, was a sufficient tendering of an issue to comply with the statute, Code 1871, §§ 858, 859, 860. All that precedes this averment is useless verbiage, and might have been expunged with advantage, but it did not vitiate the proper and only proper averment, viz., that title was in the defendant.

*Judgment affirmed.*